IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES LEONARD TONEY                                                                    PLAINTIFF

v.                                           Civil No.: 6:18-CV-06039

SHERIFF MIKE CASH, CHIEF DEPUTY                                                        DEFENDANTS
RICHARD TOLLISON, LIEUTENANT J.
LINGO, SERGEANT M. MAHER, FORMER
JAIL ADMINISTRATOR KEN FAIN, and
FORMER AST. JAIL ADMINSTRATOR
T.J. BURNETT (All of Hot Spring County
Detention Center)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint and Motion to Proceed *in forma pauperis* on May 3, 2018. (ECF No. 1). His Motion to Proceed *in forma pauperis* (IFP) was denied that same day pursuant to 28 U.S.C.A. 1915(g) because he had previously earned PLRA three-strike status and had not alleged he was currently under imminent danger of serious physical injury. (ECF No. 3). On June 18, 2018, the Court entered an Order rescinding the denial of IFP and granting IFP status as

1

Plaintiff had provided evidence that he was the plaintiff in only two of the prior cases which constituted strikes. (ECF Nos. 7-10).[1]

Plaintiff alleges his rights were violated while he was incarcerated in the Hot Spring County Detention Center (HSCDC). (ECF No. 1 at 4). He alleges that on September 17, 2017, he was denied access to the law library and access to legal help by Defendants Cash, Tollison, Fain and Burnett. (*Id*. at 5). He alleges Defendant Cash told him there were no plans to have a law library or law materials because "his jailers don't have time for that." Plaintiff alleges this caused him to be "worried sick" because he had been locked up for seven months with no way to help himself in court. Plaintiff names Defendants Tollison, Fain, and Burnett as the jail staff involved in this denial but does not describe the facts of their involvement.

Plaintiff alleges he filed a grievance about the lack of access to the law library and legal help, and jailers retaliated against him for doing so. Specifically, he alleges Defendant Cash called a meeting, after which inmate mail rights and food portions were reduced by at least one-half for the entire jail, and all inmates were denied recreation for seven months. (*Id*. at 6, 12, 16). Plaintiff names Defendants Tollison, Fain, and Burnett as the jail staff involved in this retaliation but does not describe the facts of their involvement.

Plaintiff alleges the facility lacked tuberculosis lights in the pods, which caused him to be worried about his health. (*Id*. at 6).

Plaintiff proceeds against all Defendant in their official and personal capacity. (*Id*. at 5, 6, 12). He seeks compensatory and punitive damages. (*Id*. at 15).

---

[1] Plaintiff subsequently earned his third strike in *Toney v. Dickson*, Case No. 6:18-cv-06049 (W. D. Ark. July 12, 2018).

2

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

### A. Official Capacity Claims

Plaintiff fails to state any plausible official capacity claims against Hot Spring County. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that

3

> a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

Here, Plaintiff has identified no policy or custom of Hot Spring County which violated his rights. He, therefore, fails to state any plausible official capacity claims against those entities.

### B. Defendants Tollison, Lingo, Maher, Fain, and Burnett

Plaintiff fails to state any claims against Defendants Tollison, Lingo, Maher, Fain, and Burnett. Plaintiff's personal capacity claims against these Defendants are therefore subject to dismissal. "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. *See Martin*, 780 F.2d at 1337 (Even a *pro se* Plaintiff must allege specific facts sufficient to state a claim).

Defendants Lingo and Maher are not listed as named Defendants in any of Plaintiff's claims. (ECF No. 1 at 5, 6, 12). Instead, they are listed only in the caption of the case. Merely listing a Defendant in a case caption is insufficient to support a claim against the Defendant. *Krych v. Hass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) (court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption).

Defendants Tollison, Fain, and Burnett are listed as named Defendants in Plaintiff's claims. (ECF No. 1 at 5, 6, 12). However, Plaintiff does not provide any specific factual allegations

4

detailing how they were involved in, or responsible for, the purported violation of his constitutional rights.

Plaintiff therefore failed to state any claims against Defendants Tollison, Lingo, Maher, Fain, and Burnett.

### C. Denial of Access to Law Library

Plaintiff failed to state a plausible claim against any Defendant based on the alleged lack of a law library or legal help. The Supreme Court has held "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828 (1977). Nevertheless, *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey,* 518 U.S. 343, 351 (1996). Instead, prison officials must provide inmates with "meaningful access to the courts," *Bounds,* 430 U.S. at 824, and providing a law library is merely one way to comply with this obligation. *See Bear v. Fayram,* 650 F.3d 1120, 1123 (8th Cir. 2011) (the constitutional requirement of access to the courts may be satisfied in a number of ways including, prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other methods).

An inmate cannot prevail on an access-to-courts claim unless he can demonstrate he suffered prejudice or actual injury as a result of the prison officials' conduct. *See Lewis,* 518 U.S. at 351-2; *see also Farver v. Vilches,* 155 F.3d 978, 979-80 (8th Cir. 1998) (per curiam); *Klinger v. Dep't of Corr.,* 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); *McMaster v. Pung,* 984 F.2d 948, 953 (8th Cir. 1993). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity

to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'" *Hartsfield v. Nichols,* 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted).

The prison must also provide inmates with "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Bounds v. Smith*, 430 U.S. at 824-25; *see also Myers v. Hundley,* 101 F.3d 542, 544 (8th Cir. 1996) (citing *Lewis v. Casey,* 518 U.S. at 350-51). The duty to provide such allowances is constrained by the inmates' right of *meaningful* access to the courts. *Bounds,* 430 U.S. at 824-25.

Here, Plaintiff has alleged only that he was "worried sick." He does not allege that he suffered prejudice or actual injury to his legal case because HSCDC did have a law library or provide legal help. He therefore fails to state a claim against these Defendants for denial of access to the courts.

### D. Lack of Tuberculosis Lights in Pods

Plaintiff also fails to allege a plausible conditions of confinement claim based on the lack of tuberculosis lights. "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Cty. of Sacramento v. Lewis,* 523 U.S. 833 (1998) (citation omitted). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. Detention centers must provide pretrial detainees with "reasonably adequate sanitation, personal hygiene, and laundry privileges . . ." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (quoting *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). The Eighth Amendment also prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. *Smith v. Copeland,* 87

6

F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton,* 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (*citing Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels,* 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels,* 382 F.3d at 875. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994).

Correctional officers have an affirmative obligation to protect inmates from infectious disease. *Jolly v. Coughlin*, 76 F.3d 468, 477 (2nd Cir. 1996). *See also*, *DeGidio v. Pung*, 920 F.2d 525, 528–533 (8th Cir.1990) (holding that prison officials' reckless response to tuberculosis outbreak amounted to deliberate indifference in violation of the Eighth Amendment); *Langley v. Guthry*, Case No. 3:10CV00073WRWJJV, 2010 WL 1961254, at *2 (E.D. Ark. Apr. 30, 2010) (inmate's allegation that he contracted tuberculosis after being housed with an infected inmate sufficient to proceed past the screening process). As is the case with all Eighth Amendment claims,

a prisoner must suffer some actual injury in order to receive compensation. This injury must be greater than *de minimis*. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

Here, Plaintiff alleges only that the lack of tuberculosis lights in the pods caused him to be worried about his health. He did not allege that he contracted tuberculosis or suffered any other injury. He therefore failed to state a plausible conditions of confinement claim based on the lack of tuberculosis lights.

## IV. CONCLUSION

Accordingly, I recommend that Plaintiff's official capacity claims, as well as his personal capacity claims against Defendants Tollison, Lingo, Maher, Fain, and Burnett, be DISMISSED WITHOUT PREJUDICE. I further recommend that Plaintiff's personal capacity retaliation claim against Defendant Cash remain for service and further consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **13th day of August 2018**.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE