IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES LEONARD TONEY                                                                            PLAINTIFF

v.                                         Civil No.: 6:18-CV-06039

SHERIFF MIKE CASH                                                                              DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendant's Motion for Summary Judgment. (ECF No. 20).

### I. BACKGROUND

Plaintiff filed his Complaint and Motion to Proceed *in forma pauperis* on May 3, 2018. (ECF No. 1). His Motion to Proceed *in forma pauperis* (IFP) was denied that same day pursuant to 28 U.S.C.A. § 1915(g) because he had previously earned PLRA three-strike status and had not alleged he was currently under imminent danger of serious physical injury. (ECF No. 3). On June 18, 2018, the Court entered an Order rescinding the denial of IFP and granting IFP status as Plaintiff had provided evidence that he was the plaintiff in only two of the prior cases which constituted strikes. (ECF No's. 7-10).[1]

Plaintiff alleges his rights were violated while he was incarcerated in the Hot Spring County Detention Center (HSCDC). (ECF No. 1 at 4). He alleges that on September 17, 2017, he

---
[1] Plaintiff subsequently earned his third strike in *Toney v. Dickson*, Case No. 6:18-cv-06049 (W. D. Ark. July 12, 2018).

1

was denied access to the law library and access to legal help by Defendants Cash, Tollison, Fain and Burnett. (*Id*. at 5).  He alleges Defendant Cash told him there were no plans to have a law library or law materials because "his jailers don't have time for that."  Plaintiff alleges this caused him to be "worried sick" because he had been locked up for seven months with no way to help himself in court.  Plaintiff names Defendants Tollison, Fain, and Burnett as the jail staff involved in this denial but does not describe the facts of their involvement.

Plaintiff alleges he filed a grievance about the lack of access to the law library and legal help, and jailers retaliated against him for doing so.  Specifically, he alleges Defendant Cash called a meeting, after which inmate mail rights and food portions were reduced by at least one-half for the entire jail, and all inmates were denied outdoor recreation for seven months.  (*Id*. at 6, 12, 16).  Plaintiff names Defendants Tollison, Fain, and Burnett as the jail staff involved in this retaliation but does not describe the facts of their involvement.

Plaintiff alleges the facility lacked tuberculosis lights in the pods, which caused him to be worried about his health.  (*Id*. at 6).

Plaintiff proceeds against all Defendant in their official and personal capacity.  (*Id*. at 5, 6, 12).  He seeks compensatory and punitive damages.  (*Id*. at 15).

On September 4, 2018, the Court entered an Order dismissing Plaintiff's claims at preservice screening except for the personal capacity retaliation claim against Defendant Cash. (ECF No. 14).  Defendant Cash filed his Motion for Summary Judgment on March 7, 2019.  (ECF No. 20).  On March 8, 2019, the Court entered an Order directing Plaintiff to file his Response to the Motion, and Plaintiff did so on April 1, 2019.  (ECF No. 24).

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.  ANALYSIS

Defendant Cash argues summary judgement in his favor is appropriate because: 1.) Cash had no personal involvement Plaintiff's alleged constitutional violations; 2.) Plaintiff's retaliation claim must fail because Plaintiff cannot establish that any retaliation occurred or that he suffered any adverse action; 3) Cash is entitled to qualified immunity. (ECF No. 21). In his Statement of Facts, Cash additionally argues that Plaintiff failed to exhaust his administrative remedies regarding his claim of retaliation. (ECF No. 22 at 2).

Plaintiff argues that the facts of the retaliation are detailed in a prior case in this district, *Toney v. Cash*, Case No. 6:17-cv-06130. (ECF No. 24 at 1). Plaintiff attaches two HSCDC

3

grievances dated March 27, 2018 and April 2, 2018 to his Response. They are labelled "Same 2nd Grievance" and "Claim #2." (ECF No. 24-2 at 5-6). In both grievances, Plaintiff grieves the lack of tuberculosis lights in the facility. He also states that he grieved this issue in 2017 but was "retaliated on" with the removal of mailing rights and fresh air and exercise, as well as the reduction of meals. (*Id*.).

As a preliminary matter, the Court takes judicial notice that Plaintiff's 2017 case was dismissed with prejudice on July 30, 2019, because he failed to exhaust his administrative remedies concerning his alleged denial of mail, denial of outdoor recreation, and denial of meals with adequate caloric content. (Case No. 6:17-cv-06130, ECF No. 32 at 5-6). The Court further addressed the merits of his claims and found that Plaintiff had failed to provide any summary judgment evidence that HCDC had a policy of denying mail privileges to indigent prisoners or that Plaintiff was denied mail privileges. (*Id*. at 6-9). The Court further found that Plaintiff's claim of inadequate nutrition was contradicted by the summary judgment record. (*Id*. at 9-11). Finally, the Court found that Plaintiff's claim that HCDC had a policy of denying inmates outdoor recreation, even if true, did not rise to the level of a constitutional violation because Plaintiff failed to allege that he suffered any muscle atrophy or damage to his health as a result of being denied outdoor recreation. (*Id*. at 11). Plaintiff did not appeal the dismissal with prejudice of those claims.

### A. Failure to Exhaust Administrative Remedies

Plaintiff failed to exhaust his administrative remedies concerning any alleged retaliation by Defendant Cash. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]o properly exhaust administrative

4

remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted). The "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. A prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012). The purpose of the exhaustion requirement is to "give the agency a fair and full opportunity to adjudicate their claims." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines." *Id*.

Here, Plaintiff submitted only two grievances which contain the word "retaliation," both written in 2018. The subject of the grievance, however, is the lack of tuberculosis lights in the facility. The retaliation is mentioned to underscore the fact that he had filed grievances concerning the lights a year prior and had been "retaliated on" as a result. Plaintiff does not mention Defendant Cash in the retaliation reference. The PLRA exhaustion requirement gives prisoners an incentive to use the grievance process, gives prisons a fair opportunity to correct their own errors, reduces the quantity of federal prison suits, improves the quality of those suits that do go to federal court, and improves the quality of the record. *Woodford* 548 U.S. at 94. These policy rationales are directed at encouraging inmates to be diligent and prompt in their filing, and for prisons to be prompt and accurate in their responses to grievances. Plaintiff's filing of two grievances concerning tuberculosis lights, which make only vague reference to alleged retaliation a year prior, and do not name the perpetrator of the alleged retaliation, fails to meet the purpose of the PLRA exhaustion requirement. Further, in this case Plaintiff alleges it was his grievance about the lack

5

of access to the law library and legal help, rather than a grievance regarding tuberculosis lights, which triggered the alleged retaliation.

Because Plaintiff failed to exhaust his administrative remedies concerning any alleged retaliation by Defendant Cash, I recommend his claim be dismissed as a matter of law.

### B. First Amendment Retaliation

Even if Plaintiff had exhausted a grievance concerning the alleged retaliation, he failed to provide any summary judgment evidence to support his claim. "To prevail on a § 1983 claim for retaliation in violation of the First Amendment, [a Plaintiff] must demonstrate (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity." *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013) (citing *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir.2004)).

In general, "[c]onduct that retaliates against the exercise of a constitutionally protected right is actionable, even if the conduct would have been proper if motivated by a different reason." *Cody v. Weber*, 256 F.3d 764, 771 (8th Cir.2001) (citation omitted); *Madewell v. Roberts,* 909 F.2d 1203, 1206 (8th Cir.1990) (same). "Indeed, the retaliatory conduct does not itself need to be a constitutional violation in order to be actionable." *Id. See also Dixon v. Brown,* 38 F.3d 379, 380 (8th Cir.1994) ("[W]hen retaliatory conduct is involved, there is no independent injury requirement."). "Yet, there are some injuries so de minimis that they do not rise to the level of constitutional violation. 'It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise.'" *Evenstad v. Herberg*, 994 F. Supp. 2d 995, 1001 (D. Minn. 2014) (quoting *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)). "The ordinary-firmness test is . . .designed to weed out trivial matters from those deserving the time of the courts as real

6

and substantial violations of the First Amendment." *Santiago*, 707 F.3d at 992 (8th Cir. 2013)(citing *Garcia v. City of Trenton,* 348 F.3d 726, 728 (8th Cir.2003).

Because nearly every otherwise routine administrative decision may potentially be viewed as a retaliatory act, it has been recognized that "[r]etaliation claims by prisoners are prone to abuse since prisoners can claim retaliation for every decision they dislike." *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir.1996). Further, the courts have recognized that prison officials must have broad administrative authority. *Graham,* 89 F.3d at 79. For this reason, it has been said that "courts must approach prisoner claims of retaliation with skepticism and particular care." *Dawes v. Walker,* 239 F.3d 489, 491 (2d Cir.2001) (not every response to a prisoner's exercise of a constitutional right is actionable). See also *Turner v. Mull*, 784 F.3d 485, 493 (8*th* Cir. 2015) (mere timing of events alone does not establish the requisite causal link); *Atkinson v. Bohn,* 91 F.3d 1127, 1129 (8th Cir.1996) (per curiam) (Speculative and conclusory allegations cannot support a retaliation claim).

In support of his claim of retaliation, Plaintiff alleges only that Defendant Cash called a meeting shortly after Plaintiff filed a grievance concerning his lack of access to the law library and legal help, and the alleged denials occurred after the meeting. This vague allegation that his grievance, the meeting, and the alleged denials occurred near each other in time is insufficient to support a claim of First Amendment retaliation. See *Turner*, 784 F.3d at 493 (mere timing of events alone does not establish the requisite causal link); *Atkinson,* 91 F.3d at 1129 (Speculative and conclusory allegations cannot support a retaliation claim).

Plaintiff's 2017 claims concerning the denial of adequate nutrition and mail privileges were also found to be without any factual basis in *Toney v. Cash*, Case No. 6:17-cv-06130. As there was no evidence that these denials occurred, they cannot now be used as the basis of a retaliation

7

claim. This leaves Plaintiff's claim that he was denied outdoor recreation. This claim was dismissed in his prior case because he failed to allege that he suffered any muscle atrophy or damage to his health as a result of being denied outdoor recreation. Thus, even if true, the allegation did not rise to the level of a constitutional violation.

Retaliatory conduct does not need to be a constitutional violation in order to be actionable. *Madewell,* 909 F.2d at 1206. It does, however, need to be an action that would chill a person of ordinary firmness from continuing in the activity and must result in a some non-*de minimis* injury. Plaintiff was clearly not chilled from exercising his First Amendment rights by the alleged denial of outdoor exercise, as evidenced by the 2018 grievances he attached to his Response, as well as the lawsuits he filed with this Court.

Defendant provided a copy of the exercise policy for the facility. Under this policy, outdoor exercise is permitted only when weather, light conditions, and security permit. In the event outdoor recreation is not available, inmates are permitted to use indoor recreation areas. Plaintiff was therefore not denied the opportunity to exercise if he was denied outdoor recreation. Plaintiff does not allege that he was denied indoor recreation. Plaintiff has also alleged no injury, *de minimis* or otherwise, as a result of the alleged denial of outdoor exercise.

Plaintiff's allegations are therefore contradicted by the summary judgment evidence. For these reasons, there is no question of genuine material fact, and I recommend that Plaintiff's claim should be dismissed as a matter of law.

## IV. CONCLUSION

Accordingly, I recommend that Defendant's Motion for Summary Judgment (ECF No. 20) be GRANTED and Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **30th day of January 2020**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE