IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES LEONARD TONEY                                                            PLAINTIFF

v.                                        Civil No. 6:18-cv-6039

SHERRIFF MIKE CASH                                                             DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed January 30, 2020, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 32). Plaintiff filed objections to the Report and Recommendation. (ECF No. 33). The Court finds the matter ripe for consideration.

## I. BACKGROUND

On May 3, 2018, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was incarcerated in the Hot Spring County Detention Center ("HSCDC"). After preservice screening, Plaintiff's only remaining claim was an individual capacity retaliation claim against Defendant, in which Plaintiff claims that he was retaliated against for filing a grievance.

Defendant subsequently filed a motion for summary judgment, contending that Plaintiff's retaliation claim fails as a matter of law. Although Defendant's motion and brief make no mention of exhaustion of remedies, his statement of undisputed facts includes a statement that Plaintiff filed no grievance related to his claim of retaliation while he was incarcerated in the HSCDC. Plaintiff responded to the summary judgment motion.

The Court referred the matter to Judge Bryant for preparation of a report and recommendation. On January 30, 2020, Judge Bryant issued the instant Report and Recommendation. Judge Bryant

finds that Plaintiff failed to exhaust his administrative remedies as to his retaliation claim against Defendant and, alternatively, that the retaliation claim fails on the merits. Accordingly, Judge Bryant recommends that the Court grant Defendant's summary judgment motion and dismiss Plaintiff's claim with prejudice. Plaintiff objects, appearing to argue that the jail staff would not give him a grievance form on which to exhaust his administrative remedies.[1]

## II. DISCUSSION

The Court will begin by addressing the finding that Plaintiff failed to exhaust his administrative remedies. If necessary, the Court will then address Defendant's merits-based arguments.

### A. Exhaustion of Administrative Remedies

As stated above, Defendant's motion for summary judgment and supporting brief argue that Plaintiff's retaliation claim fails as a matter of law. However, Defendant's statement of facts also asserts that Plaintiff failed to file any grievance related to his retaliation claim. Defendant also attached to his statement of facts two grievances filed by Plaintiff at the HSCDC, presumably to show that Plaintiff did not file a grievance regarding retaliation. The Report and Recommendation considered this to be failure-to-exhaust argument and determined that Plaintiff's retaliation claim should be dismissed for failure to exhaust his administrative remedies on that claim.

Respectfully, the Court disagrees with this assessment. Exhaustion of administrative remedies is an affirmative defense that the defendant bears the burden of pleading and proving. *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001). Defendant's answer does not raise the affirmative defense of failure to exhaust administrative remedies, so Defendant did not preserve that defense. Accordingly, to the extent that Defendant intended to argue for summary judgment based on failure to exhaust, he

---

[1] Plaintiff also filed what is styled as a response to Defendant's summary judgment motion. (ECF No. 33). This document is identical to the first two pages of Plaintiff's previous response to the summary judgment motion. Keeping in mind that the Court must liberally construe objections, the Court also reviewed this document despite it not being styled as an objection.

has waived the ability to do so. *Sayre v. Musicland Grp., a Subsidiary of Am. Can Co.*, 850 F.2d 350, 354 (8th Cir. 1988).

However, even if Defendant's failure to plead the affirmative defense was not a bar, Defendant has not carried his burden of proving failure to exhaust. For one, Defendant's motion and brief make no mention of any such argument. It is unclear why Defendant's statement of facts includes a statement that Plaintiff failed to file a grievance related to retaliation, but the Court finds that insufficient to constitute a summary judgment argument. *Surveyor v. Cavaneau*, 226 F. App'x 622, 623 (8th Cir. 2007) (finding that the defendant failed to establish failure to exhaust where, in part, the defendant did not discuss exhaustion in his summary judgment motion).

More importantly, though, the Court cannot find based on the current summary judgment record that Plaintiff failed to exhaust his administrative remedies. Defendant has not "provided the Court with [any] information indicating how inmates at the [HSCDC] are informed of the grievance procedure, what the grievance procedure is, or who responds to the grievances." *Williams v. Turner*, 4:10-cv-4053, 2010 WL 3724827, at *2 (W.D. Ark. Sept. 17, 2010). Moreover, "[t]he Court has not been provided with an affidavit or any other information stating that Plaintiff's jail file was searched and no grievances were submitted regarding the issues in his complaint." *Id.* The Court sees no basis upon which to hold that Plaintiff failed to properly exhaust his administrative remedies. *Foulk*, 262 F.3d at 698; *Williams*, 2010 WL 3724827, at *2.

For these reasons, Plaintiff's claim will not be dismissed for failure to exhaust his administrative remedies. The Court will now proceed to the merits-based arguments.

**B. Retaliation Claim**

Defendant contends that Plaintiff's retaliation claim fails as a matter of law. Judge Bryant agrees, reasoning that Plaintiff failed to create a genuine dispute material fact for trial. Plaintiff's objections do not address this finding, but his second "response" to the summary judgment motion

argues that Defendant ordered HSCDC staff to retaliate against Plaintiff in various ways for filing grievances.

This, however, is insufficient. "Simply restating arguments and facts already presented to the Magistrate Judge does not constitute a viable objection to a report and recommendation." *Munt v. Larson*, No. 15-CV-0582 SRN/SER, 2015 WL 5673108, at *7 (D. Minn. Sept. 23, 2015). Plaintiff's second "response" to the summary judgment is a direct copy of the response he submitted in opposition to Defendant's summary judgment motion. Judge Bryant considered that document and found it lacking. Thus, Plaintiff's objection can be overruled solely on that basis.

Even if, however, the Court considers the argument, Plaintiff's second response is not a valid affidavit or unsworn declaration and, thus, has no evidentiary value. Moreover, Plaintiff points to no specific error of fact or law in the Report and Recommendation. Thus, the Court sees no reason to depart from Judge Bryant's analysis and recommendation that Plaintiff's claim should be dismissed with prejudice.

### III. CONCLUSION

For the above-stated reasons and upon *de novo* review, the Court overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 32) insofar as it finds that Plaintiff's retaliation claim fails on the merits and recommends that Defendant's summary judgment motion be granted. Accordingly, Defendant's summary judgment motion (ECF No. 20) is hereby **GRANTED**. Plaintiff's remaining claim is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to terminate this case.

**IT IS SO ORDERED**, this 24th day of February, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge